JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Annette Loertscher

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Maricopa___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Martin R. Galbut

J. Blake Mayes

Galbut & Hunter P.C.

2425 E. Camelback Rd. #1020

Phoenix, AZ 85016

## DEFENDANTS

Corwood Laboratories, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

William P. Allen

Allen Law Firm LLC

1650 North First Ave

Phoenix, AZ 85003

## II. BASIS OF JURISDICTION   (PLACE AN x IN ONE BOX ONLY)

- ☐ 1   **U.S. Government Plaintiff**
- ☐ 2   **U.S. Government Defendant**
- ☐ 3   **Federal Question** (U.S. Government Not a Party)
- xx☐ 4   **Diversity** (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PFT | DEF |  | PFT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | xx☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | xx☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Case alleges violation of: Arizona statutory and common law; removed pursuant to 28 USC 1332 and 1441

## V. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>X☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret Inc Security Act<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | | |

## VI. ORIGIN   (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND**
Not Specified

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  x☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE
September 15, 2006

SIGNATURE OF ATTORNEY OF RECORD
/s William P. Allen

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time the case is filed in the United States District Clerk's Office.

Additional sheets may be used as necessary.

---

1.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
| Annette Loertscher | Plaintiff | Martin R. Galbut(SBA 002943) J. Blake Mayes(SBA 024159) Galbut & Hunter 2425 E. Camelback Rd. #1020 Phoenix, AZ 85016 602.955.1455 |
| Corwood Laboratories, Inc. | | William P. Allen(SBA 011161) Allen Law Firm LLC 1650 North First Ave. Phoenix, AZ 85003 602.495.6502 |

2.   **Jury Demand:**

Was a Jury Demand made in another jurisdiction?   Yes   **No**xx

    If "Yes," by which party and on what date?

_____   _____

3.   **Answer:**

Was an Answer made in another jurisdiction?   Yes   **No**xx

    If "Yes," by which party and on what date?

**4.    Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| Corwood Laboratories, Inc | 8/16/06 | Personal |

**5.    Unserved Parties:   N/A**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|

**6.    Nonsuited, Dismissed or Terminated Parties:    N/A**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|

**7.    Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiff | Breach of contract; violation of ARS 23-350 |

**Pursuant to 28 USC   1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

750429

William P. Allen (SBA 011161)
**ALLEN LAW FIRM LLC**
1650 North First Avenue
Phoenix, AZ 85003
Telephone: (602) 495-6502
Facsimile: (602) 277-9839
Email:   ballen@azbar.org

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Loertscher | Case No CV |
| Plaintiff, | |
| vs. | |
| | **NOTICE OF REMOVAL** |
| Corwood Laboratories, Inc., a foreign corporation | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 3.7, Defendant Corwood Laboratories, Inc. removes the above-captioned case from the Arizona Superior Court, County of Maricopa, to this Court and in support thereof respectfully shows:

1.     Defendant Corwood Laboratories, Inc. is the Defendant named in the above-entitled civil action, which has been commenced and is pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, Cause No. Cv2006-

2.     Defendant was served with the Summons and Complaint in the state court action no earlier than August 16, 2006. A copy of the Summons and Complaint are attached hereto as Exhibit "A" and incorporated herein by reference.

3.    This Notice of Removal is being filed within the thirty days after receipt by Defendant of a copy of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

4.    The time for Defendant to answer or otherwise respond to the Complaint has not expired.

5.    Plaintiff is a resident of Arizona.

6.    Defendant Corwood Labortories, Inc. is a foreign corporation with its principal place of business in the State of New York.

7.    This is a civil action where the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive in interest and costs. This action may be removed to this Court pursuant to 28 U.S.C. § 1332.

8.    Pursuant to Local Rule Civ.3.7, the undersigned states that a copy of this Notice has been filed with the Clerk of the Superior Court in and for Maricopa County, and that copies of all pleadings served on Defendant prior to removal are attached hereto.

WHEREFORE, Defendant Corwood Laboratories, Inc. gives notice that the above-entitled action now pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, is removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2006.


ALLEN LAW FIRM, LLC

By: /s William P. Allen

William P. Allen

Attorneys for Defendants

1

2

3

4

5

6   Original filed
    Electronically this
7   15th day of September,
    2006, with:
8

9   Clerk of Court
    U.S. District Court
10  District of Arizona
    401 W. Washington
11  Phoenix. AZ 85003

12
    Copy mailed this
13  15th day of September
    To:
14

15  Martin R. Galbut
    J. Blake Mayes
    Galbut & Hunter P.C.
16  2425 E. Camelback Rd. #1020
    Phoenix, AZ 85016
17

18  _____

19

20

21

22

23

24

25

26

Martin R. Galbut (#002943)
J. Blake Mayes (#024159)
GALBUT & HUNTER
A Professional Corporation
2425 East Camelback Road, Suite 1020
Phoenix, Arizona 85016
Phone: 602.955.1455
Fax: 602.955.1585
Attorneys for Plaintiff

# THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| ANNETTE LOERTSCHER, an individual, | No. CV 2006 - 012152 |
|---|---|
| Plaintiff, | |
| vs. | **SUMMONS** |
| CORWOOD LABORATORIES, INC., a New York corporation, | IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |
| Defendant. | |

## THE STATE OF ARIZONA TO THE DEFENDANT:

**CORWOOD LABORATORIES, INC.**
**c/o Corporation Service Company**
**80 State Street**
**Albany, New York 12207-2543**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the date of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz.R.Civ.P. 4; ARS §§ 20-222, 28-502, 28-503.

1        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend
within the time applicable, judgment by default may be rendered against you for the relief
2   demanded in the Complaint.

3        YOU ARE CAUTIONED that in order to appear and defend, you must file an
Answer or proper response in writing with the Clerk of this Court, accompanied by the
4   necessary filing fee, within the time required, and you are required to serve a copy of any
Answer or response upon the Plaintiff's attorney.   Ariz.R.Civ.P. 10(d); ARS § 12-311;
5   Ariz.R.Civ.P. 5.

6        Requests for reasonable accommodation for persons with disabilities must be made to
the division assigned to the case by parties at least three (3) judicial days in advance of a
7   scheduled Court proceeding.                AUG 1 1 2006

8        SIGNED AND SEALED this date: _____.

9

10                                          MICHAEL K. JEANES, CLERK

11                                          CLERK.

12                                   By: _____

13                                          Deputy Clerk

14

15

16

17

18

19

20

21

22

23

24

25

26

**COPY**

1

Martin R. Galbut (#002943)
J. Blake Mayes (#024159)

2

GALBUT & HUNTER

3

A Professional Corporation
2425 East Camelback Road, Suite 1020

4

Phoenix, Arizona 85016
Phone: 602.955.1455

5

Fax: 602.955.1585
Attorneys for Plaintiff

AUG 1 1 2006



MICHAEL K. JEANES, CLERK
M. LEEING
DEPUTY CLERK

6

7

## THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

## IN AND FOR THE COUNTY OF MARICOPA

9

ANNETTE LOERTSCHER, an individual,

No. ___CV2006-012152___

10

Plaintiff,

11

vs.

12

CORWOOD LABORATORIES, INC., a
New York corporation,

13

Defendant.

**VERIFIED COMPLAINT**

**(Treble Damages Pursuant to A.R.S. §§
23-353 and 355; Breach of Contract;
Breach of Covenant of Good Faith and
Fair Dealing; Unjust Enrichment)**

14

15

Plaintiff, Annette Loertscher ("Ms. Loertscher"), by and through her undersigned

16

counsel, alleges as follows:

17

### PARTIES

18

1.    Ms. Loertscher is an individual domiciled and residing in the State of Arizona.

19

2.    Defendant Corwood Laboratories, Inc. ("Defendant") is a New York

20

corporation organized and existing under the laws of the State of New York.

21

### JURISDICTION AND VENUE

22

3.    The claims made by Plaintiff in this matter arise from, *inter alia*, an

23

employment agreement executed by Ms. Loertscher in Arizona and, pursuant to which, Ms.

24

Loertscher performed certain duties within the scope of her employment within and from

25

Arizona.

26

4.     Defendants' actions caused Ms. Loertscher injury in Arizona, and caused events to occur in Arizona out of which the Plaintiff's claims arise.

5.     Based on the foregoing, jurisdiction and venue are proper in Maricopa County Superior Court.

## BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS

6.     Ms. Loertscher hereby incorporates each and every allegation of her Complaint as if herein again alleged in full.

7.     In or about August of 2005, Ms. Loertscher and Defendant entered into an employment agreement.  A true and correct copy of that agreement is attached as Exhibit "1" hereto.

8.     Ms. Loertscher executed the employment agreement in Arizona on or about August 31, 2005.

9.     The employment agreement provided, in part, for a base salary of $60,000 per year paid in weekly installments of $1,153.85.

10.     The employment agreement also provided for commissions at the rate of 4% for all sales exceeding $650,000, with all sales under $650,000 being encompassed by the base salary.

11.     The employment agreement contained no reference to "house accounts".

12.     No subsequent written or oral agreement modifying the employment agreement was ever entered into by the parties.

13.     Defendant provided Ms. Loertscher with a document entitled "Annette Loertscher Account List 2005."  A true and correct copy of that Account List is attached as Exhibit "2" hereto.

14.     The Account List contained the names of a number of companies, including, but not limited to, Arbonne International, BeautiControl, Guthy Renker, and Mary Kay. The Account List did not refer to any of those accounts as "house accounts".

15.     Vincent Penna, Vice President of Sales and Marketing for Defendant, also verbally confirmed to Ms. Loertscher that the accounts she was calling on, including, but not limited to, Arbonne International, BeautiControl, Guthy Renker, and Mary Kay, were her accounts. Mr. Penna mentioned nothing of "house accounts".

16.     Defendant also provided Ms. Loertscher with a Master Account List which referenced certain accounts as "house accounts". A true and correct copy of that Master Account List is attached as Exhibit "3" hereto.

17.     The Master Account List did not list Arbonne International, BeautiControl, Guthy Renker, or Mary Kay as "house accounts".

18.     Ms. Loertscher performed under the employment agreement from its inception up through Defendant's unilateral termination of the agreement.

19.     Ms. Loertscher's home office was based in Scottsdale, Arizona.

20.     Defendant was aware that Ms. Loertscher based her home office in Scottsdale, Arizona, and provided her office equipment for use there, including a PDA, and multifunction printer/fax/scanner.

21.     On October 24, 2005, Ms. Loertscher provided Defendant with a sales forecast for 2006. A true and correct copy of the sales forecast is attached as Exhibit "4" hereto.

22.     Based on information available in October of 2005, a conservative estimate of Ms. Loertscher's projected sales for 2006 totaled approximately $20,000,000, which would have resulted in approximate commissions for 2006 of $800,000 based on the 4% rate contained in the employment agreement. *See* Exhibit "4" hereto.

23.     In November of 2005, Defendant, for the first time, advised Ms. Loertscher that Defendant had unilaterally decided that all the accounts she serviced were thereafter deemed "house accounts" and she would be paid only 2.25% commissions on those accounts.

3

24.   On information and belief, Defendant only belatedly asserted that the accounts Ms. Loertscher serviced became "house accounts" and changed the commission rate for those accounts in order to avoid paying Ms. Loertscher the significant commissions it had agreed to pursuant to the employment agreement.

25.   Nowhere in any written agreement executed by the parties is found any mention of the accounts Ms. Loertscher serviced being "house accounts".

26.   On the contrary, Defendant prepared and distributed to Ms. Loertscher a document entitled "Annette Loertscher Account List 2005", which lists, among other entities, Arbonne International, BeautiControl, Guthy Renker, and Mary Kay as Ms. Loertscher's accounts. *See* Exhibit "2" hereto.

27.   Nowhere in any written agreement executed by the parties is found any mention of Ms. Loertscher only being entitled to a 2.25% commission rate for sales to Arbonne International, BeautiControl, Guthy Renker, Mary Kay, or any other account Ms. Loertscher serviced.

28.   Aside from a 5% commission rate contained in an earlier superseded independent contractor agreement, the only applicable commission rate contained in any agreement between the parties is the 4% commission rate found in the employment agreement entered into between the parties (Exhibit "1" hereto).

29.   On or about January 25, 2006, Defendant unilaterally terminated Ms. Loertscher.

30.   Defendant's termination of Ms. Loertscher was, on information and belief, perpetrated solely or in substantial part to avoid paying her significant commissions associated with her highly successful sales efforts under the employment agreement.

31.   On or about January 26, 2006, Defendant sent Ms. Loertscher correspondence admitting that it owed Ms. Loertscher commission monies under the employment agreement, but attempting to force Ms. Loertscher to execute a non-

4

1   compete/non-solicit agreement in exchange for Defendants' payment of those monies. A
2   true and correct copy of that correspondence is attached as Exhibit "5" hereto.

3       32.   Defendant's actions were in the utmost bad faith and designed to divest Ms.
4   Loertscher of the benefit of the employment agreement and monies lawfully owed to her,
5   and additionally to restrict her future livelihood by withholding payment due her.

6       33.   Only after Ms. Loertscher retained counsel and expended significant fees
7   and costs, did Defendant agree to pay Ms. Loertscher even the amounts Defendant
8   admitted owing her absent her executing the unwarranted non-compete/non-solicit
9   agreement for which she was offered no additional consideration.

10      34.   Defendant paid these amounts to Ms. Loertscher substantially after
11  admitting they were due and owing, and in any event more than the three working days
12  after Defendant terminated Ms. Loertscher.

13      35.   Despite numerous requests, Defendant has even refused to provide Ms.
14  Loertscher with a document identifying corresponding invoice and purchase order
15  numbers for sales she was allegedly paid on.

16      36.   Without such document, Ms. Loertscher is unable to determine what orders
17  and accounts Defendant paid her on -- albeit at an improper commission rate.

18      37.   Contrary to the employment agreement, Defendant, to date, has only paid
19  Ms. Loertscher 2.25% commission on all admitted sales to Arbonne International, Guthy
20  Renker, and Mary Kay instead of at the rate of 4% as set forth in the employment
21  agreement.

22      38.   Although Defendant also alleged that BeautiControl was a "house account",
23  Defendant still paid Ms. Loertscher 4% commissions on sales to BeautiControl.

24
25
26

## COUNT ONE

### (Treble Damages Pursuant to A.R.S. §§ 23-353 and 355)

39.     Ms. Loertscher repeats and incorporates by reference all of the facts and allegations set forth in her Complaint as if herein again alleged in full.

40.     Ms. Loertscher was an employee as defined by A.R.S. § 23-350.

41.     Defendant employed Ms. Loertscher pursuant to an employment agreement dated August 25, 2005 (Exhibit "1" hereto).

42.     Defendant terminated Ms. Loertscher's employment on or about January 25, 2006.

43.     In lieu of promptly paying Ms. Loertscher the monies Defendant admittedly owed her, Defendant attempted to force Ms. Loertscher to execute a non-compete/non-solicit agreement in exchange for those monies.

44.     Defendant did not pay Ms. Loertscher monies admittedly owed to her within three working days of her termination.

45.     Defendant, to date, has not paid Ms. Loertscher additional monies owed to her under the employment agreement based on the 4% commission rate contained therein.

46.     Defendants' actions in wrongfully withholding payment from Ms. Loertscher constitute a violation of A.R.S. § 23-353.

47.     As a result of Defendant's actions, Ms. Loertscher was injured.

48.     Pursuant to A.R.S. § 23-355, Ms. Loertscher is entitled to recover treble damages in an amount to be proven at trial against Defendant for its violation of A.R.S. § 23-353, together with her attorneys' fees and costs.

## COUNT TWO

### (Breach of Contract)

49.     Ms. Loertscher repeats and incorporates by reference all of the facts and allegations set forth in her Complaint as if herein again alleged in full.

6

50. Defendant employed Ms. Loertscher pursuant to an employment agreement dated August 25, 2005.

51. The employment agreement between Ms. Loertscher and Defendant constituted a binding and enforceable contract.

52. The employment agreement imposed contractual obligations on Defendant.

53. Defendant breached the employment agreement by, *inter alia*: (1) failing to pay Ms. Loertscher the 4% commission rate expressly set forth in the agreement; and (2) failing to pay Ms. Loertscher monies admittedly due and owing to her in a timely fashion.

54. As a result of Defendant's actions, Ms. Loertscher suffered damages in an amount to be determined at trial.

55. As this matter arises out of contract, Ms. Loertscher is also entitled to her attorneys' fees and costs pursuant to, *inter alia*, A.R.S. § 12-341.01.

## COUNT THREE

### (Breach of Covenant of Good Faith and Fair Dealing)

56. Ms. Loertscher repeats and incorporates by reference all of the facts and allegations set forth in her Complaint as if herein again alleged in full.

57. Implied into every contract is a covenant of good faith and fair dealing in its performance and enforcement.

58. Pursuant to that covenant, Defendant was obligated to act in Ms. Loertscher's best interest and refrain from taking any action that deprived Ms. Loertscher of the benefits conferred upon her by the employment agreement.

59. Instead, Defendant, *inter alia*: (a) terminated Ms. Loertscher in order to avoid having to pay her significant projected commissions in 2006; (b) attempted to force Ms. Loertscher to execute a non-compete/non-solicit agreement in exchange for paying her monies already admittedly due her, albeit less than she was entitled to under the employment agreement; (c) asserted wrongfully and without any basis in fact that the

7

1    accounts Ms. Loertscher made sales to were "house accounts" on which she was only

2    entitled to 2.25% commission; and (d) failed to timely pay Ms. Loertscher even the monies

3    admittedly due and owing to her.

4        60.    Defendant's actions constitute a breach of the covenant of good faith and fair

5    dealing.

6        61.    As a direct and proximate result of Defendant's conduct, Ms. Loertscher has

7    been damaged in an amount to be proven at trial.

8        62.    As this matter arises out of contract, Ms. Loertscher is entitled to her

9    attorneys' fees and costs pursuant to, *inter alia*, A.R.S. § 12-341.01.

10                        **<u>COUNT FOUR</u>**

11                      **(Unjust Enrichment)**

12        63.    Ms. Loertscher repeats and incorporates by reference all of the facts and

13    allegations set forth in her Complaint as if herein again alleged in full.

14        64.    Defendant has been unjustly enriched by Ms. Loertscher's actions, in that

15    Ms. Loertscher has provided substantial benefit to Defendant without just compensation.

16        65.    Defendant has appropriated and converted monies which were otherwise due

17    to Ms. Loertscher, and has kept those funds, and has refused to pay them to Ms.

18    Loertscher, although legally and equitably obligated to do so.

19        66.    There is no reason why Defendant should be rewarded and unjustly enriched

20    for its unconscionable, unethical, immoral, and unlawful conduct, and in taking advantage

21    of Ms. Loertscher because of Defendant's ability to directly receive from customers and

22    keep money which rightfully belongs to Ms. Loertscher.

23        67.    As a result of Defendant's actions, Ms. Loertscher has been damaged in an

24    amount to be proven at trial.

25        WHEREFORE, Ms. Loertscher prays for relief against Defendant as follows:

26        1.    For damages as set forth in her Complaint;

2.    For treble damages pursuant to, *inter alia*, A.R.S. §§ 23-353 and 355;

3.    For her attorneys' fees and costs; and

4.    For such other and/or further relief as may be deemed fair and equitable under the circumstances.

RESPECTFULLY SUBMITTED this 11th day of August, 2006.

GALBUT & HUNTER
A Professional Corporation

By: _____
Martin R. Galbut
J. Blake Mayes
Camelback Esplanade, Suite 1020
2425 East Camelback Road
Phoenix, Arizona 85016
Attorneys for Plaintiff Annette Loertscher

9

**VERIFICATION**

1

2      Annette Loertscher, being duly sworn and upon her oath, deposes and swears:

3      I am the Plaintiff in the above-entitled action.  I have read the foregoing verified

4  complaint and know the contents to be true based on my personal knowledge or upon the

5  best of my knowledge, information and belief.

6

7                                                    Annette Loertscher

8  STATE OF ARIZONA        )
                           ) ss.
9  County of Maricopa      )

10     Subscribed and sworn to me on this 11th day of August, 2006.

11

12                                                    Notary Public

13  My commission expires: 11/14/2009

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT "1"

AUG-15-2006 TUE 09:14 AM Ga.out & Hunter          FAX NO. 6\_\_\_551585          P. 13

 **CORWOOD LABORATORIES INC.**
manufacturing chemists

August 25, 2005

Annette Loertscher

Employment Terms and Conditions:

As per our previous discussions, Corwood Laboratories is pleased to offer you a full time position as a sales representative. The base salary, auto allowance, terms and conditions of your employment are outlined below.

| | |
|---|---|
| **Base Salary:** | Base Salary is $60,000 per year paid in weekly installments of $1,153.85 |
| **Commissions:** | Commissions will be paid at the rate of 4% for those sales exceeding $650,000. The $650,000 in sales will cover the base salary. |

*★★ Commission structure with licensed products will be added a per Vincent Renna*

| | |
|---|---|
| **Auto Allowance:** | $450 per month auto allowance will be paid to you to cover the cost of your vehicle, insurance, depreciation, maintenance and repairs. Corwood Labs will reimburse you directly for gas and oil charges on your T & E expense reporting. |
| **Fringe Benefits:** | You are eligible for fringe benefits that all full time personnel are offered. This includes comprehensive medical coverage, prescription cards and a 401K plan. Each employee contributes a portion to the medical plan and this amount will be discussed with you from our HR personnel according with our vacation policy. |
| **T & E Budget:** | You will receive an annual travel and entertainment budget of $22,000. This amount will be monitored and adjusted according to need and travel plans. |
| **Start Date:** | Your start date will be September 1, 2005. |
| **Terms of Employment:** | Please sign and return a copy of this agreement, a copy of our employee handbook is also attached. *(Never received handbook — told them on 8/31/05 on wall on on 1/24/06)* I acknowledge receipt of this document and with my signature below acknowledge the terms and conditions. I further understand that my employment is at will and neither I nor Corwood Laboratories has entered into a contract regarding the duration of my employment. |

Agreed: _____ 8/25/05
        Jerry Diesel, CFO          Date

Agreed: _____ 8/31/05
        Annette Loertscher         Date

55 ARKAY DRIVE • HAUPPAUGE, NY 11788 • (631) 273-7373 • FAX # (631) 273-7465
E-MAIL: CORWOODLABS@AOL.COM

P. 1                 480-214-3067          Annette Loertscher          Jul 24 06 11:04a

# EXHIBIT "2"

Annette Loertscher

**From:**    Patty Snopkowski [PattyS@corwoodlabs.com]

**Sent:**    Monday, May 09, 2005 9:50 AM

**To:**      Annette Loertscher

**Subject:** account list

*Patty Snopkowski*
*Sales Assistant*
*Corwood Laboratories Inc.*
(631) 273-7373 Ext.312

ANNETTE LOERTSCHER
ACCOUNT LIST
2005

| COMPANY NAME | ADDRESS | PHONE # | CONTACT |
|---|---|---|---|
| 4 Life Research, LC | 9850 S. 300 West, Sandy Utah 84070 | 801-562-3600 | |
| Advanced Beauty Systems | 4445 McFarlin Blvd. Dallas, TX 75205 | 214-522-8150 | Chris McClain |
| advoCare International, LP | 2727 Realty Road, Suite 134, Carrollton, TX 75006 | 972-478-4500 | |
| A.G.S. Labs | 4871 Sharp St., Dallas, TX 75247 | 214-905-0790 | Jim Tehan |
| AmeriPlan USA | 5700 Democracy Drive, Plano, TX 75024 | 972-702-9856 | |
| AMS Health Sciences, Inc. | P.O. Box 12940, Oklahoma City, OK 73157 | 405-842-0131 | |
| AMWAY Corporation | 7575 Fulton St. East, Ada MI 49355-0001 | 616-787-6000 | |
| Arbonne International | 9400 Jeronimo, Irvine, CA 92618 | 949-770-2610 | Toni Abbruzzese |
| Avalla | 5333 Westheimer Rd. #820, Houston, TX 77056 | 713-569-5155 | |
| Beauty Beat, Inc. | 28671 El Apajo, Laguna Niguel, CA 92677 | 949-831-0211 | Liz Allen |
| Beauticontrol | P.O.Box 815189, Dallas, TX 75381-5189 | 1-800-beauti-1 | |
| Beta Dermaceuticals, Inc | P.O. Box 891106, San Antonio, TX 78289 | 210-349-9326 | John Rangel |
| Body Wise International, Inc. | 2802 Dow Avenue, Tustin, CA 92780 | 714-505-6121 | |
| Charles Flora | 27001 Agoura Rd. Suite 110, Calabasas Hills, CA 91301 | 877-500-2327 ext. 84 | Bruce Friedman |
| Country Bunny, Bath and Body | 1106 Eaglecrest, Nixa, MO 65714 | 417-724-9690 | |
| Dennis Green Ltd. | 5200 S. Aron St. Suite 122, Englewood, CO 80112 | 303-779-4707 | Dennis Green |
| Dial | 15501 N. Dial Blvd. Suite 1403, Scottsdale, AZ 85260-1619 | 480-754-3425 | Tom Hoerman |
| Dr. Fresh | 6645 Caballero Blvd., Buena Park, CA 90620 | 714-690-1573 | Dr. Fresh |
| eb5 Corporation | 2711 N.W. Saint Helens Road, Portland, OR 97210 | 503-230-8008 | Jon Wiseman |
| ENJO California LLC | 19151 Parthenia St., Suite C, Northridge, CA 91324 | 818-775-5878 | |
| Fresh Pet | | | |
| Global Health Trax | 2465 Ash Street, Vista, CA 92081 | | |
| GNLD International | 3500 Gateway Blvd., Fremont, CA 94537-9525 | 510-651-0405 | |
| Gold Canyon Candle Company | 6205 s. Arizona Ave., Chandler, AZ 85248 | 480-449-0900 | Lynnae Parrot |
| Guthey Renker | | | |
| Headblade | 1629A Electric Ave., Venice, CA 90291 | 310-295-8948 | Todd & Danny |
| Herbalife | 1800 Century Park E., LosAngeles, CA 90067 | 310-410-9600 | |
| Home Interiors & Gifts | P.O. Box 619190, Dallas, TX 75261-9190 | 972-695-1000 | |
| Jafra | 2451 Townsgate Rd., Westlake Village, CA 91361 | 805-449-3000 | |
| Jacqua Beauty, Inc. | 6305 Carpenteria Ave. Suite 100, Carpenteria, CA 93103 | 888-883-3400 ext. 206 | Mariaelana Welch |
| Key Brands International Ltd. | 16035 E. Arrow Hgwy., Irwindale, CA 91706 | 626-337-5200 | Jim, VP Purchasing |
| Longevity Network, Ltd. | 451 Mirror Ct., Suite 103, Henderson, NV 89015 | 702-454-7000 | |
| Mannatech, Inc. | 600 S. Royal Lane, Suite 200, Coppell, TX 75019 | 972-471-7400 | |
| Mary Kay | 16251 Dallas Parkway, Addison, TX 75001 | 972-687-6300 | Kelly Melor |
| Melaluca | 3910 S. Yellowstone Hgwy, Idaho Falls, ID 83402 | 208-522-0700 | |
| Murad Skin Research | | | |



ANNETTE LOERTSCHER
ACCOUNT LIST
2005

| Nature's Cure, Inc. | 5560 Golden Gate Avenue, Oakland, CA 94618 | 510-601-9041 | Dana Doron |
|---|---|---|---|
| Nefful U.S.A. Inc. | 18563 E. Gale Ave, City of Industry, CA 91748 | 1-888-849-9188 | |
| New Vision USA, Inc. | 8322 E. Hartford Dr., Scottsdale, AZ 85255 | 480-927-8999 | Bridgette Bond |
| Nikken, Inc. | 52 Discovery, Irvine, Ca 92618 | 949-789-2000 | |
| Noevir USA, Inc. | 1095 Southeast Main St., Irvine, CA 92614 | 949-660-1111 | |
| North American Perfumes | 5700 Braxton Dr. Suite 170, Houston, TX 77036 | 713-334-4900 | Adnan Uddin |
| Nouveau Cosmeceuticals, LLC | 2321 Vivia Granada, NW, Albuquerque, NM 87104 | 505-244-1631 | |
| Nu-Skin Enterprises | 75 West Centr St., Provo, UT 84601 | 801-345-1000 | |
| Nutrogena | | | |
| Oxyfresh Worldwide, Inc. | 1875 N. Lakewood Dr., 3rd Floor, CoeurDAlene, ID 83814 | 208-292-1200 | |
| Philosophy | | | |
| Physician's Choice of Arizona | | | |
| Physician's Formula | | | |
| Pola U.S.A. Inc. | 251 E. victoria Street, Carson, CA 90746 | 310-527-9596 | |
| Reliv International, Inc. | P.O. Box 405, Chesterfield, MO 63006-0405 | 636-537-9715 | |
| Richmont Direct | 2400 Dallas Pkwy, Suite 230, Dallas, TX 75093 | 972-309-6000 | |
| Schwartskoff | | | |
| SeneGence International | 4000 Birch St., Suite 112, Newport Beach, CA 92660 | 949-261-3200 | |
| Sensaria Natural Bodycare, Inc. | 3260 E.John's Prairie Rd., Suite 1, Shelton, WA 98584 | 360-432-3200 | |
| Shaklee Corporation | 4747 Willow Road., Pleasanton, CA 94588 | 925-924-2000 | |
| Smiley Tooth Floss Corp. | 4754 Lucille Dr., San Diego, CA 92115 | 619-287-0734 | Michael Perlin |
| Sportron International | 115 Industrial Blvd., Suite B, McKinney, TX 75069 | 972-548-2500 | |
| Sunrider International | 1625 Abalone Avenue, Torrance, Ca 90501 | 310-781-3808 | |
| Symmetry Corporation | 420 S. Hillview Dr., Milpitas, CA 95035 | 408-947-7700 | |
| Tahitian Noni International | 33 W. River Park Dr., Provo, UT 84604 | 801-234-1000 | |
| Uniclty International, Inc. | 1201 N.I 800 East, Orem, UT 84097 | 801-226-2600 | |
| USANA Heath Sciences, Inc. | 3838 W. Parkway Blvd., Salt Lake City, UT 84120 | 801-954-7100 | |
| Vision For Life International | 4243 Will Rogers Pkwy, Oklahoma City, OK 73018 | 405-949-1777 | |
| Vivane Woodard | 7712 Densmore Ave., Van Nuys, Ca 91406-1982 | 818-989-5818 | |
| yves Rocher Direct Selling | 50 Briar Hollow Lane W., Suite 500, Houston, TX 77027 | 713-626-0024 | |

pay 3 of 3




# EXHIBIT "3"

*CLIENT LISTING*

*Page #1 of 5*

| | DENNIS | |
|---|---|---|
| SP | DELAGAR | D038 |
| HSE | NEOSRATA | N015 |
| JT | SARA LEE | S036 |
| LT | SUNNY MARKETING | E011 |
| HSE | VETOQUINOL (IGI) | I017 |
| | | |
| | | |

☆ Pharmaceutical

☆ Earth Therapeutics
☆ Pet Products

REVISED 2/16/2005

Received from Carol
Johnson at first time @
Corwood on 4/5/05

| | CAROL | |
|---|---|---|
| HSE | AAN SERVICES | A025 |
| JT | ALL TERRAIN | A041 |
| JT | AT LAST NATURALS | A035 |
| LT | BBW (GRYPHON) | B033 |
| LHL | CELLEGY PHARMACEUTICAL | C044 |
| LT | DERMATOLOGIC COSMETIC | D006 |
| JT | FERTILE HEMISPHERES | F009 |
| LT | HARTZ MOUNTAIN | H021 |
| JOE | IVAX PHARMACEUTICAL (ZENITH) | Z002 |
| HSE | JM MURRAY | J002 |
| JT | KENDALL (TYCO) | K007 |
| JT | KISS MY FACE | K003 |
| LT | NATURES ANSWER (BIO BOTANICA) | N024 |
| JT | NATURES BOUNTY | N006 |
| LT | FIVE STAR | F007 |
| HSE | OLYMPIAN LABS | O014 |
| LHL | ONASSIS | O011 |
| JT | RED ROCK | R028 |
| JT | RISING PHARMACEUTICALS | R025 |
| JT | STEPHEN GOULD | S043 |
| JT | SANDHU | S047 |
| JT | SHAKLEE | S006 |
| JT | SONIC | S033 |
| LHL | THURSDAY PLANTATION | T016 |
| LT | TISCHCON | T020 |
| HSE | TWIN LABS | T024 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | REVISED 222/05 | |

*handwritten annotations:*
* Adrienne Arpel
* Bath & Body Works.
* - Pet Products
- A
- A
- A
- Purelle (hand sanitizer)
- A

| | SHIRLEY | | | CONTINUED | |
|---|---|---|---|---|---|
| HSE | ALPHA MEDICAL | A023 | JT | THANTEX SPECIALITIES | T022 |
| HSE | ACKALIFE | A045 | JT | UNITED ROOTS | U008 |
| LHL | AVENTIS | A046 | HSE | VO-TOYS | V006 |
| HSE | BARIELLE | B003 | LT | WATER-JEL TECHNOLOGIES | W019 |
| LT | BATH BLOOMERS | B034 | LHL | WOODSTOCK | W011 |
| HSE | BEST LOOK FORWARD | B032 | JT | YVES ROCHER | Y011 |
| HP | BIRA | B015 | | | |
| LT | BORGHESE | B038 | LT | DIONIS | DO36 |
| HSE | BUDPAK | B018 | | | |
| HSE | CADIE CORPORATION | C001 | | | |
| HSE | CHUCK ROSENBAUM | C024 | | | |
| HSE | COCOCARE | C009 | | | |
| LT | COSMETICALLY SEALED | C030 | | | |
| JT | DASHING DIVA | D044 | | | |
| LT | DEMERT BRANDS | D037 | | | |
| LL | DENTAL HERB | D027 | | | |
| LT | DINUR COSMETICS | D010 | | | |
| HSE | DL CARR | D025 | | | |
| LT | DR ADRIENNE DENESE | D031 | | | |
| LHL | DR BRONZE | D045 | | | |
| JT | ELIZABETH ARDEN | E021 & E023 | | | |
| LT | ELLON BOTANICALS | E014 | | | |
| JT | EASTERN MARBLE | E026 | | | |
| JT | FASHION FAIR | F002 | | | |
| HSE | FISKE INDUSTRIES | F003 | | | |
| HSE | FMC INTERNATIONAL | F010 | | | |
| JT | FRESH INC | F008 | | | |
| HSE | GENERAL HEALTHCARE | G013 | | | |
| HSE | GMZ | G010 | | | |
| HSE | GORHAM (silver polish) | G008 | | | |
| LT | GOODTIMES | G021 | | | |
| JT | HDS | H016 | | | |
| JT | INCLINE TECH | I018 | | | |
| HSE | INFALAB | I012 | | | |
| LT | LANCO | L022 | | | |
| LT | LEN-RON (Estee Lauder) | L004 | | | |
| HSE | LS REISER | L036 | | | |
| LHL | MAGIC OF ALOE | M001 | | | |
| JT | MARILYN MIGLIN | M008 | | | |
| LL | NATURES POINT | N034 | | | |
| LT | OUIDAD | O005 | | | |
| LHL | PEAK ENTERPRISES | P013 | | | |
| HSE | PEDINOL | P004 | | | |
| LT | PHYSICIANS FORMULARY | C053 | | | |
| HSE | REESE PHARMACEUTICAL | R002 | | | |
| LT | REFLECT.COM | R023 | | | |
| LT | RTD HALLSTAR | C062 | | | |
| JT | SANTOR | S040 | | | |
| LT | SKINTOLOGY | S048 | | | |
| HSE | SOMA BLUE | S035 | | REVISED 2/22/05 | |
| JT | SUSAN CIMINELLI | S003 | | | |

| MARIA | | |
|-------|-----------------|------|
| LT | AMERIFIT | A044 |
| JT | ESSIE | E018 |
| LT | IMPALA | I020 |
| JT | MADINA | M025 |
| LT | PRESTIGE (VETCO) | P026 |
| LT | PROSTRONG | P025 |
| HSE | PRO FOOT, INC | P021 |
| JT | PRO FRESH | P022 |
| HSE | SQUIGLE | S029 |
| | | |

– IMAN'S BRAND

REVISED 2/22/06

| | FRANCES | |
|---|---|---|
| LHL | BRADLEY | B026 |
| HSE | ELLEN LANGE | E015 |
| HSE | FOUR PAWS | F009 |
| LT | JOEY NY | J009 |
| LT | NEOGEN | N029 |
| LT | WATERMILL | W015 |

- ☆
- ☆ horse products.

REVISED 2/16/2005

# EXHIBIT "4"

.Message

**From:** Annette Loertscher [annettel@corwoodlabs.com]
Sent: Monday, October 24, 2005 7:34 AM
**To:** Patty Snopkowski
**Subject:** 2006 forecast - Annette
**Arbonne International**

Low – $22,483,900.00                    ($10,000,000.00)
High– $39,940,400.00                    ($22,000,000.00 plus)


**BeautiControl**

Low–$539,000.00                         ( $300,000.00)
High–$2,028,000.00                      ( $600,000.00)


**Dr. Fresh**

Low– $255,000.00                        ($255,000.00)
High–$1,368,000.00


**Gold Canyon**

No quotes submitted.

**Guthy Renker**

Low—$ 750,000.00
High–$2,000,000.00                      ($10,000,000.00 plus)

**Mary Kay**

Low—$664,000.00                         ($1,000,000.00)
High--$746,000.00                       ($3,000,000.00 plus)


**Neutrogena**

No quotes submitted.


**Oceana Cruises**

No quotes submitted.


**Screen Yo Body**

Low–$333,280.00
High–$666,560.00


**SLC Skin Care**

AUG-15-2006 TUE 09:15 AM G..out & Hunter          FAX NO. 6. .551585          P. 26
                                                                             Page 2 of 2

Message

No quotes submitted.

*ANNETTE LOERTSCHER*
*ACCOUNTS MANAGER*

*CORWOOD LABORATORIES INC.*
*55 ARKAY DRIVE*
*HAUPPAUGE, NY 11788*

*OFFICE: 480-248-8009*
*FAX: 480-248-8010*
*CELL: 917-887-6064*

# EXHIBIT "5"

JAN. 27. 2006  3:21PM    CORWOOD LABS 2737465                          NO. 5596   P. 1

 **CORWOOD LABORATORIES INC.**
manufacturing chemists

Annette Loertscher

*FAXED   1/27/06*
*+*
*OVERNIGHT*
*FED EX*
*Saturday delivery*

January 26, 2006

As per your discussion with Vincent Penna on January 25, 2006, Corwood Laboratories has decided to terminate your employment as of the same date. The severance package will include the following:

| | |
|---|---|
| 2 | Weeks Salary |
| 2 | Months of Medical coverage |
| | Auto Allowance for January – |
| | Commissions based on Actual sales and Open order position, payable Amount is $97,139.83 (See Attached schedule) |
| | All open Travel and Entertainment expenses (pending review for acceptable charges). |

Commissions will be paid to you at time of receipt of payment on invoices from our customers. If you have any questions, please feel free to contact me.

Sincerely,

*Jerry Dresel*

Jerry Dresel
Controller

AUG-15-2006 TUE 09:15 AM Garout & Hunter          FAX NO. 6__551585          P. 29

JAN. 27. 2006  3:21PM     CORWOOD LABS 2737465          NO. 5596   P. 2



## CORWOOD LABORATORIES INC.
manufacturing chemists

### AGREEMENT AND GENERAL RELEASE

CORWOOD LABORATORIES INC., located at 55 ARKAY Drive, Hauppauge, N.Y. 11788 and Annette Loertscher residing at 33108 North 72nd Way, Scottsdale, AZ 85262, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment:** Annette Loertscher last day of employment with Corwood Laboratories, Inc. will be January 25, 2006.

2. **Consideration:** In consideration for signing this Agreement and General Release and compliance with the promises made herein, Corwood Laboratories, Inc. agrees:

   a. To pay to Employee two weeks salary less lawful deductions, within seven business days of receiving this executed Agreement and two months of medical coverage. Commissions will be paid according to attach schedule.

3. **No Consideration Absent Execution of This Agreement.** Employee understands and agrees that she would not receive the monies and/or benefits specified in paragraph "2" above, except for her execution of this Agreement and General Release and the return of all Corwood property issued to the employee and all Corwood customer records.

4. **General Release of Claims.** Employee knowingly and voluntarily releases and forever discharges Corwood Laboratories, Inc., its parent corporation, affiliates, subsidiaries, divisions, successors and assigns and the current and former employees, officers, directors and agents thereof (collectively referred to throughout the remainder of this Agreement as "Employer"), of and from any and all claims, known and unknown, Employee has or may have against Employer as of the date of execution of this Agreement and General Release, including but not limited to, and alleged violation of:

   • Title VII of the Civil Rights Act of 1964, as amended;

   • The Civil Rights Act of 1991;

   • Sections 1981 through 1988 of Title 42 of the United Stated Code, as amended;

   • The Employee Retirement Income Security Act of 1974, as amended;

55 ARKAY DRIVE • HAUPPAUGE, NY 11788 • (631) 273-7373 • FAX # (631) 273-7465
E-MAIL: CORWOODLABS@AOL.COM



# CORWOOD LABORATORIES INC.
manufacturing chemists

- The Immigration Reform and Control Act, as amended;

- The Americans and Disabilities Act of 1990, as amended;

- The Works Adjustment and Retraining Notification Act, as amended;

- The Occupational Safety and Health Act, as amended;

- The New York State Executive Law (including its Human Rights Law);

- The New York State Labor Law;

- The New York City Administrative Code (including its Human Rights Law);

- The New York wage and wage-hour laws;

- Any other federal, state or local civil or human rights law or any other local, state or federal laws, regulation or ordinance;

- Any public policy, contract tort, or common law; or

- Any allegation for costs, fees or other expenses including attorneys' fees incurred in these matters.

5.  **Affirmations**. Employee affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Employer in any forum or form. Employee further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement and General Release. Employee furthermore affirms that she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave request under the Family and Medical Leave Act.

6.  **Confidentiality**. Employee agrees not to disclose any information regarding the existence or substance of this Agreement and General Release, except to her spouse, tax advisor, and an attorney with whom Employee chooses to consult regarding her consideration of this Agreement and General Release. Nothing herein is intended to or shall precluded Employee from filing a complaint and/or charges with any appropriate federal, state or local government agency and/or cooperating with said agency in its investigation. Employee, however, shall not be entitled to receive any relief, recovery, or monies in connection with any complaint or charge brought against Employer, without regard as to who brought any said complaint or charge.

JAN. 27. 2006  3:22PM    CORWOOD LABS 2737465                    NO. 5596   P. 4



# CORWOOD LABORATORIES INC.
manufacturing chemists

7. Preservation of Confidential Information. Employee acknowledges during the course of her employment, she had access to information that is confidential and proprietary to Employer ("Confidential Information"). Employee agrees Employer had no obligation to specifically identify any information as Confidential Information in order for it to be entitled to protection as such. For purposes of this Agreement, Confidential Information shall include all information that is not known by, or generally available to, the public at large and that concerns the business affairs or Employer, including, but not limited to, Employer's finances, business or strategic plans, software, inventions, technology, methods of operation, sales and marketing plans, employee compensation, cost and pricing, existing or contemplated products and services, and existing and prospective clients. Employee further agrees not to disclose to any person or use for Employee's benefit or the benefit of others, any Confidential Information without the prior written consent of Employer.

8. Customer Solicitation. Employee further agrees not to contact any of CORWOOD LABORATORIES INC. customers for a period of twelve months.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

CORWOOD LABORATORIES, INC.

_____          By:_____
Annette Loertscher                    Irwin Thaler
                                      President


Date: _____            Date: _____


55 ARKAY DRIVE  •  HAUPPAUGE, NY 11788  •  (631) 273-7373  •  FAX # (631) 273-7485
E-MAIL: CORWOODLABS@AOL.COM

1  Martin R. Galbut (#002943)
   J. Blake Mayes (#024159)
2  GALBUT & HUNTER
   A Professional Corporation
3  2425 East Camelback Road, Suite 1020
   Phoenix, Arizona 85016
4  Phone: 602.955.1455
   Fax: 602.955.1585
5  Attorneys for Plaintiff

**COPY**

AUG 1 1 2006

MICHAEL K. JEANES, CLERK
M. LEONG
DEPUTY CLERK

6

7              **THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                **IN AND FOR THE COUNTY OF MARICOPA**

9  ANNETTE LOERTSCHER, an individual,      No. _CV2006-012152_

10                   Plaintiff,

                                            **CERTIFICATE RE: COMPULSORY**
11         vs.                              **ARBITRATION**

12  CORWOOD LABORATORIES, INC., a
    New York corporation,
13
                     Defendant.
14

15         Plaintiff herein certifies that the relief sought in this case does exceed $50,000 and

16  therefore, this matter is not subject to compulsory arbitration pursuant to the Uniform Rules

17  of Procedure for Arbitration.

18         DATED  this 11th day of August, 2006.

19                              GALBUT & HUNTER
                                A Professional Corporation
20

21                              By: _____
                                   Martin R. Galbut
22                                 J. Blake Mayes
                                   Camelback Esplanade, Suite 1020
23                                 2425 East Camelback Road
                                   Phoenix, Arizona 85016
24                                 Attorneys for Plaintiff Annette Loertscher

25

26