William P. Allen (SBA 011161)
**ALLEN LAW FIRM LLC**
1650 North First Avenue
Phoenix, AZ 85003
Telephone: (602) 495-6502
Facsimile: (602) 277-9839
Email:   ballen@azbar.org

Marc S. Wenger (to be admitted pro hac vice)
David Greenhaus (to be admitted pro hac vice)
**JACKSON LEWIS LLP**
58 South Service Rd. Suite 410
Melville, NY 11747
Telephone: (631) 247-0404
Facsimile: (631) 247-0417
Email:   greenhausd@jacksonlewis.com
         wengerm@jacksonlewis.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Loertscher<br><br>                    Plaintiff,<br><br>         vs.<br><br>Corwood Laboratories, Inc.,<br>a foreign corporation<br><br>                    Defendant. | Case No CV 06-02163 PHX ECV<br><br><br>**ANSWER** |

Defendant, CORWOOD LABORATORIES, INC. ("Corwood"), for its Answer to the Verified Complaint of Annette Loertscher ("Plaintiff"), states as follows:

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Verified Complaint.

Answer - 1

2.  Defendant admits the allegations contained in paragraph 2 of the Verified Complaint.

3.  Defendant admits that it employed Plaintiff, but otherwise denies the allegations contained in paragraph 3 of the Verified Complaint.

4.  Defendant denies each and every allegation contained in paragraph 4 of the Verified Complaint.

5.  Defendant denies any factual allegations contained in paragraph 5 of the Verified Complaint, except admits that Plaintiff invokes the jurisdiction and venue of the Maricopa County Superior Court.

6.  Defendant repeats and realleges each and every admission, denial or other response to the allegations pleaded by Plaintiff in paragraphs 1 through 5 of the Complaint, as if fully restated herein.

7.  Defendant admits that the parties entered into an agreement in or about August 2005 as to certain terms and conditions of Plaintiff's employment and respectfully refers the Court to the document in question, the contents of which speaks for itself.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Verified Complaint.

9.  Defendant admits that the parties entered into an agreement in or about August 2005 as to certain terms and conditions of Plaintiff's employment and respectfully refers the Court to the document in question, the contents of which speaks for itself.

10. Defendant admits that the parties entered into an agreement in or about August 2005 as to certain terms and conditions of Plaintiff's employment and respectfully refers the Court to the document in question, the contents of which speaks for itself.

11. Defendant admits that the parties entered into an agreement in or about August 2005 as to certain terms and conditions of Plaintiff's employment and respectfully refers the Court to the document in question, the contents of which speaks for itself.

12. Defendant denies the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint and respectfully refers the Court to the document in question, the contents of which speaks for itself.

14. Defendant neither admits nor denies the allegations contained within paragraph 14 of the Verified Complaint, but instead respectfully refers the Court to the document in question, the contents of which speaks for itself.

15. Defendant denies each and every allegation contained in paragraph 15 of the Verified Complaint.

16. Defendant admits the allegations in paragraph 16 of the Verified Complaint that it provided Plaintiff with a document such as what is attached as Exhibit 3 to the Verified Complaint, explicitly denies that the document in question constitutes a Master Account List, and otherwise respectfully refers the Court to the document in question, the contents of which speaks for itself.

17. Defendant neither admits nor denies the allegations contained within paragraph 17 of the Verified Complaint, but instead respectfully refers the Court to the document in question, the contents of which speaks for itself.

18. Defendant admits that it terminated Plaintiff's employment, but otherwise denies the allegations contained in paragraph 18 of the Verified Complaint.

19. Defendant admits the allegations in paragraph 19 of the Verified Complaint that Plaintiff at times worked in Arizona, but denies the remaining allegations contained in paragraph 19.

20. Defendant admits the allegations contained in paragraph 20 of the Verified Complaint that it provided her with a PDA and a multifunction printer/fax/scanner, but denies the remaining allegations contained in paragraph 20.

21. Defendant admits the allegations in paragraph 21 of the Verified Complaint that it received a document entitled "Forecast" from Plaintiff and respectfully refers the Court to the document in question, the contents of which speaks for itself.

22. Defendant denies the allegations contained in paragraph 22 of the Verified Complaint.

23. Defendant admits that it advised Plaintiff that some of the accounts she was servicing were "house accounts" for which she would be paid a 2.25% commission, but otherwise denies the allegations in paragraph 23 of the Verified Complaint.

24. Defendant denies each and every allegation contained in paragraph 24 of the Verified Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of the Verified Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Verified Complaint, and reiterates its response in paragraph 13 of this Answer.

27. Defendant denies the allegations contained in paragraph 27 of the Verified Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Verified Complaint.

29. Defendant admits the allegations contained in paragraph 29 of the Verified Complaint.

30. Defendant denies each and every allegation contained in paragraph 30 of the Verified Complaint.

31. Defendant admits that it sent Plaintiff a letter on or about January 26, 2006 and respectfully refers the Court to the document in question, the contents of which speak for itself.

32. Defendant denies each and every allegation contained in paragraph 32 of the Verified Complaint.

33. Defendant denies each and every allegation contained in paragraph 33 of the Verified Complaint.

34. Defendant denies each and every allegations contained in paragraph 34 of the Verified Complaint.

35. Defendant admits that it did not provide Plaintiff with invoices and purchase order numbers, but otherwise denies the allegations contained in paragraph 35 of the Verified Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Verified Complaint.

37. Defendant admits that it has paid Plaintiff a 2.25% commission on all sales to Arbonne International, Guthy Renker and Mary Kay, but otherwise denies the allegations contained in paragraph 37 of the Verified Complaint.

38. Defendant admits that it paid Plaintiff a 4% commission on sales to BeautiControl, but otherwise denies the allegations contained in paragraph 38 of the Verified Complaint.

## ANSWER TO COUNT ONE

**(Treble Damages Pursuant to A.R.S. §§ 23-353 and 355)**

39. Defendant repeats and realleges each and every admission, denial or other response to the allegations pleaded by Plaintiff in paragraphs 1 through 38 of the Complaint, as if fully restated herein.

40. The allegations in paragraph 40 state a legal conclusion for which no response is required; to the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Verified Complaint.

41. Defendant neither admits nor denies the allegations contained within paragraph 41 of the Verified Complaint, but instead respectfully refers the Court to the document in question, the terms of which speak for itself.

42. Defendant admits the allegations contained in paragraph 42 of the Verified Complaint.

43. Defendant denies each and every allegation contained in paragraph 43 of the Verified Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Verified Complaint.

45. Defendant admits that it has not paid Plaintiff a 4% commission rate on sales to certain accounts, but otherwise denies the allegations contained in paragraph 45 of the Verified Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Verified Complaint.

47. Defendant denies each and every allegation contained in paragraph 47 of the Verified Complaint.

48.	Defendant denies the allegations contained in paragraph 48 of the Verified Complaint.

## ANSWER TO COUNT TWO

### (Breach of Contract)

49.	Defendant repeats and realleges each and every admission, denial or other response to the allegations pleaded by Plaintiff in paragraphs 1 through 48 of the Verified Complaint, as if fully restated herein.

50.	Defendant neither admits nor denies the allegations contained within paragraph 50 of the Verified Complaint, but instead respectfully refers the Court to the document in question, the terms of which speak for itself.

51.	The allegations in paragraph 51 state a legal conclusion for which no response is required; to the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Verified Complaint.

52.	The allegations in paragraph 52 state a legal conclusion for which no response is required; to the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Verified Complaint.

53.	Defendant denies each and every allegation contained in paragraph 53 of the Verified Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Verified Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Verified Complaint.

### ANSWER TO COUNT THREE

**(Breach of Covenant of Good Faith and Fair Dealing)**

56. Defendant repeats and realleges each and every admission, denial or other response to the allegations pleaded by Plaintiff in paragraphs 1 through 55 of the Verified Complaint, as if fully restated herein.

57. The allegations in paragraph 57 state a legal conclusion for which no response is required; to the extent a response is required, Defendant denies the allegations contained in paragraph 57 of the Verified Complaint.

58. The allegations in paragraph 58 state a legal conclusion for which no response is required; to the extent a response is required, Defendant denies the allegations contained in paragraph 57 of the Verified Complaint.

59. Defendant admits that it terminated Plaintiff's employment, but otherwise denies the allegations in paragraph 59 of the Verified Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Verified Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Verified Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Verified Complaint.

### ANSWER TO COUNT FOUR

**(Unjust Enrichment)**

63. Defendant repeats and realleges each and every admission, denial or other response to the allegations pleaded by Plaintiff in paragraphs 1 through 62 of the Verified Complaint, as if fully restated herein.

64. Defendant denies each and every allegation contained in paragraph 64 of the Verified Complaint.

65. Defendant denies each and every allegation contained in paragraph 65 of the Verified Complaint.

66. Defendant denies each and every allegation contained in paragraph 66 of the Verified Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Verified Complaint.

**68.** Defendant denies each and every allegation contained in the Verified Complaint not expressly admitted herein.

69. Defendant denies Plaintiff is entitled to the relief requested or any at all.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

70. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

71. Defendant has fully performed all obligations under any agreement with Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

72. Defendant has made full payment to Plaintiff for all services rendered by Plaintiff to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

73. Since Plaintiff's Verified Complaint is based on an alleged breach of contract, Plaintiff cannot recover for unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

74. The agreement relied upon by Plaintiff was modified and superseded by a subsequent written agreement.

### SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff ratified the change in commission structure by continuing to work after being notified of the change.

### SEVENTH AFFIRMATIVE DEFENSE

76.  Plaintiff has waived any claim she is asserting in this action by continuing to work and accepting employment after commission structure was changed.

### EIGHTH AFFIRMATIVE DEFENSE

77.  Plaintiff is estopped from asserting the claims herein by her conduct in continuing to work after the commission structure was changed.

### NINTH AFFIRMATIVE DEFENSE

78.  Plaintiff accepted an offer to modify any agreement that may have existed between the parties continuing to work after the commission structure was changed.

### TENTH AFFIRMATIVE DEFENSE

79.  The statute of frauds applies to any claims not embodied in any written agreement that may have existed between the parties.

**WHEREFORE,** having fully defended, Defendant Corwood Laboratories, Inc. prays that the Court dismiss the Verified Complaint with prejudice and award it costs and a reasonable attorney's fee pursuant to ARS 12-341.01.

**RESPECTFULLY SUBMITTED** this 22d day of September, 2006

ALLEN LAW FIRM, LLC

By: /s William P. Allen
William P. Allen

JACKSON LEWIS LLP

By: /s David Greenhaus
Attorneys for Defendants

Original filed Electronically this 22d day of September, 2006, with:

Clerk of Court
U.S. District Court
District of Arizona
401 W. Washington
Phoenix. AZ 85003

Copy sent Electronically this 22d day of September, 2006 to:

Martin R. Galbut
J. Blake Mayes
Galbut & Hunter P.C.
2425 E. Camelback Rd. #1020
Phoenix, AZ 85016